The opinion of the court was delivered by
White, J.
Plaintiff institutes this petitory action to recover certain real estate, described in the title upon which she relies as “ three certain lots of ground designated by the letters C, D and E, in square No. 1, situated in the town of Bloomingdale.” She prays in addition for a judgment for the rents and revenues.
The defendant admits possession ; claims that such possession has continued since 1861, he having purchased the property in December of that year from J. M. Bach by act before Edward Barnett, notary. That his vendor purchased the same on the 10th day of December, 1851, at a sale made by the tax collector of the parish of Jefferson ; that any defects in said tax sale were cured by monition duly homologated on the 11th of February, 1862, and denies that the property has produced revenue ; avers the payment by himself and vendor of taxes, and prays “ that his right to claim damages and the reimbursement of taxes as alleged'be reserved him.” By supplemental answer, he avers payment of taxes to an amount exceeding five hundred dollars, for which he *590 prays judgment in reconvention, in the event of plaintiff being decreed to be the owner of the property. Subsequently, he filed the plea of the prescription of ten years. The lower court decréed the plaintiff to be the owner of the property, and rejected the claim for revenues as well as the reeonventional demand; the defendant appealed, and the appellee answered by a prayer for the allowance of revenues.
We will first notice the question of title. The facts, as disclosed by the record, are. as follows : On the 18th of April, 1848, James II. Coleman bought the property in controversy at a sheriff’s sale. In March, 1849, James H. Coleman died, leaving a widow and minor child, then about three years of age. His succession was opened in the same month and year by the qualification of his widow as natural tutrix of his minor child. On the 18th May, 1849, the widow was appointed administratrix; an inventory was taken, but the property now claimed was not included in it. On the 7th of April, 1850, Mrs. Coleman died, and W. H. Dameron was appointed her executor, and in June, 1851, the same person was appointed administrator of the succession of James H. Coleman, made vacant by the death of Mrs. Coleman. On the 10th of December, 1851, the tax collector of Jefferson parish sold to J. M. Bach as the property of James H. Coleman, “ according to tax roll of 1850,” the property now sued for. On- the 23d December, 1861, Bach applied for a monition as to this sale, which was duly homologated on the 11th ■of February, 1862. On the 27th December, 1861, Bach sold all bis right, title, and interest in and to the property sued for to Robert Watson, the present defendant. On the 11th of December, 1871, Agelina Coleman, wife of Sewell, was recognized as the sole legal heir of her deceased father and' mother, and as such put in possession of their estate.
All the foregoing facts are abundantly established by the documentary proof in the record, except the proceedings and sale of the tax collector to Bach, which are not in the record, and do not appear to have been offered in evidence, as they are not mentioned in the note of evidence — although the briefs of both the counsel for plaintiff and defendant seem to consider that the record of the proceedings which caused the tax collector’s sale, and a copy of such sale, is in the transcript. Under this condition of proof we have taken the statement of the sale by the tax collector from .the briefs of counsel, from the recitals contained in the sale from Bach to Watson, and from the-monition proceedings.
The plaintiff and appellee relies on the following propositions as conclusively demonstrating the nullity of the tax assessment and sale thereunder : 1st. That the property was assessed in the name of James H. Goleman on the rolls of 1850, while he died in 1849. 2d. Because the tax sale was made against Coleman.
*591 We think neither ground good. The property stood on the public records as that of James H. Coleman, and was so assessed. It was vacant property, arid the owner did not reside in the parish. The assessor in listing the property for taxation could have assessed it in no other way than as it stood on the records of the country, unless it be considered that it was his duty to be informed of facts not public, not to be ascertained from the condition of the property or from its occupants, for it had none.
This court, in City of New Orleans vs. Ferguson, 28 A. 240, held that an assessment in the name of Mrs. J. A. Ferguson, without adding the words “estate of,” made after the death of Mrs. Ferguson, was binding; and we see no good reason to depart from the rule thus laid down.
The estate of Coleman was under administration in the parish of Orleans, and the assessment in the name of estate of James H. Coleman would, even according to the views of appellee, have been binding, and we think was so in the name of James H. Coleman. We of course express no opinion as to whether such would be the case as to an assessment against a resident or even against a non-resident of seated property.
2d. The assessment being valid, the validity of the sale is the necessary result. By the third section of the act No. 81 of 1845, session acts of 1845, p. 39, the possession of the rolls, duly made out, by the tax .collector, operated as an execution in his hands, and such being the case irregularities in execution of the'process have long since, by effect of the monition, passed beyond the reach of judicial examination.
“ The judgment of the court confirming and homologating the sale shall have the force of res judicata, and operate as a complete bar against all persons, whether of age or minors, whether present or absent, who may thereafter claim the property sold in consequence of an illegality or informality in the proceedings, whether before or after judgment; and the judgment of homologation shall in all eases be considered as full and conclusive proof that the sale was duly made according to law in virtue of a judgment or order legally and regularly pronounced in the interest of parties duly represented.” R. S. 237G.
The judgment below is reversed ; and judgment be and the same is hereby rendered in favor of the defendant and against the plaintiff, recognizing defendant, Robert Watson, as owner of the property in controversy, with costs against plaintiff in both courts.